IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31281
Conference Calendar
_____

FRANK MARCELL DUNAGAN,

Plaintiff-Appellant,

versus

JOHN STEWART, Sergeant, Deputy/Correctional
Officer at St. Tammany Parish Jail; JAMES BULLOCH,
Deputy at St. Tammany Parish Jail,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-210-D
--------------------
June 16, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Frank Marcell Dunagan, Louisiana prisoner # 384410, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. By moving for IFP, Dunagan is challenging the district court's determination that IFP should not be granted because the appeal from the district court's dismissal of his complaint, filed pursuant to 42 U.S.C. § 1983, is not taken in good faith. Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his motion, Dunagan does not challenge the district court's finding that the force used in response to Dunagan's defiance of a direct order was not excessive.  See Ikerd v. Blair, 101 F.3d 430, 433-34 (5th Cir. 1996).  Rather he simply argues that his defiance was justified.  Because Dunagan does not address the district court's reasons for its certification decision, which are the same reasons it dismissed his § 1983 complaint, he has abandoned the only issue on appeal.  Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Dunagan's challenge to the district court's certification decision lacks arguable merit, and the district court did not err in finding that the instant appeal was not taken in good faith.  Howard v. King, 707 F. 2d 215, 219-20 (5th Cir. 1983).  Dunagan's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  If he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

IFP MOTION DENIED; STRIKE WARNING ISSUED; APPEAL DISMISSED.